# THOMPSON *v.* MACFARLAND.

EMINENT DOMAIN; ASSESSMENTS AND BENEFITS; OBJECTIONS AND EX-
CEPTIONS.

1. *Henderson* v. *Macfarland, ante,* 312, applied and followed.
2. Exceptions by a property owner to an award of a jury in proceedings
   to condemn land for street extension purposes, based upon allegations
   that the actual benefits to certain lots were less than the benefits
   assessed, and that the damages awarded for the taking of other lots
   were less than the real value of the land taken, reviewed and *held*
   insufficient, in the absence of evidence supporting them, it appearing
   upon their face that injustice was not done to the property owner.
3. An assessment for benefits against lots in a proceeding to condemn land
   for street extension purposes is not unreasonable merely because it
   exceeds the value of the lots as assessed for the purpose of taxation,
   especially where it appears that the lots were so assessed at a very
   low valuation.

No. 1924.  Submitted January 6, 1909.  Decided May 4, 1909.

HEARING on an appeal by a property owner from a judgment of the supreme court of the District of Columbia, sitting as a district court, overruling his exceptions in a proceeding to condemn land for street extension purposes, and confirming the award of the jury as to damages and benefits.    *Affirmed.*

The facts are stated in the opinion.

*Mr. F. W. McReynolds* and *Mr. D. J. Partello* for the appellant.

*Mr. Edward H. Thomas,* Corporation Counsel, and *Mr. James Francis Smith,* Assistant, for the appellees.

Mr. Justice ROBB delivered the opinion of the Court:

This case was presented with the case just decided (*Henderson* v. *Macfarlaand,* No. 1923, ante, 312), and differs from that case only in the character of the exceptions filed.   Those exceptions are as follows:

"1. That the proceedings herein were irregular, unauthorized, and void, in that the petition filed herein prayed, in effect, that the total damages awarded, and the total expenses of the proceedings, he assessed as benefits; and the order for summoning the jury likewise in effect directed the assessment of the full amount of damages and expenses as benefits; and the instructions of the court to the jury, also, in effect, required the assessment of the full amount of damages and expenses as benefits; and the jury, as is patent upon the face of the award, apportioned the total amount of said damages and expenses as benefits instead of finding the actual amount of benefits resulting to each lot, and making an assessment therefrom without regard to the amount allowed as damages.

"2. That inasmuch as all the land needed for the extension of Harvard street through square No. 2669, to wit, lot 803 and part of lot 802, altogether 8,725 square feet, is taken from Flora M. Thompson, for which she is allowed a total of $6,-

506.32 in damages, and she is assessed a total of $11,329.63 as benefits on the remaining lots belonging to her in said square, to wit, lots 804, 805, 13, 14, and part of 12, these proceedings amount to a confiscation of her property and a taking of the same without just compensation.

"3. That the amount awarded as damages for the condemnation of all of lot 803 and the condemned part of lot 802 in square 2669 is so much less than the real value of said lots, and, comparatively, so much less than the amount allowed as damages for the lots taken for this extension in square 2577, as to be unjust and unreasonable within the meaning of the statute under which these proceedings were had.

"4. That the amount assessed as benefits against lots 804, 805, 13, and the uncondemned part of lot 12 in square 2669 is so far in excess of any actual benefit said lots can receive from these proceedings, and, comparatively, so greatly in excess of the benefits assessed against similar lots in square 2577, as to be unjust and unreasonable within the meaning of the statute under which these proceedings were had.

"5. That inasmuch as lot 804 in square 2669 is assessed for taxation upon a valuation of $1,687, and is assessed $2,700 as benefits in these proceedings; lot 805 in same square is assessed for taxation at $1,687 and is assessed $2,700 for benefits in these proceedings; lot 13 in same square is assessed for taxation at $1,875, and is assessed $3,375 for benefits in these proceedings; and the uncondemned part of lot 12 in same square is assessed at $1,821 for taxation, and is assessed $2,412.45 for benefits in these proceedings,—said verdict is, on its face, unjust and unreasonable so far as these lots are concerned."

The first exception, for the reasons stated in the proceeding case, is without merit.

While the second exception is plausible, it by no means necessarily follows that it is well founded. That the lots against which benefits were assessed were in fact benefited is apparent. We cannot assume, in the absence of evidence, that the benefits were in fact less than the amount assessed. For lot 803 and less than one third of lot 802, appellant was allowed $6,506.32

as damages. She was assessed as benefits against lot 804, directly abutting the newly opened streets, and lots 805, 13, and 14, each containing as many square feet as lot 803, and against the part of lot 802 not taken, which also abutted on the newly opened street, $11,329.62, which included $67.18, her proportionate share of the cost of the proceedings, or about $2,265 on each lot. If the amount allowed as damages was a fair measure of damages for the land taken without reference to the opening of the street, and we must assume that it was, it follows that the assessment for benefits is at least prima facie fair.

If, as contended in the third exception, the amount allowed as damages for lot 803 and the condemned part of 802 "is so much less than the real value of said lots," then it is equally apparent that appellant has no cause for complaint as to the amount assessed as benefits. However, there is nothing in the record warranting the appellant's statement that the amount awarded as damages was less than the real value of the land taken. Square 2577 has a frontage on Sixteenth street, and for that reason was much more valuable before the extension of Harvard street than the land in square 2669.

The further point is made that, because a greater sum was assessed as benefits against these lots than their assessed value for taxation purposes, it follows that the verdict of the jury is, on its face, unjust and unreasonable. The fallacy of this reasoning is shown by the fact that lot 804 was assessed for taxation upon a valuation of $1,687, and yet the jury awarded appellant as damages for 803, which certainly was no more valuable than 804, $5,062.50. All of lot 12 was assessed for taxation upon a valuation of $1,821, while the jury awarded appellant as damages for less than one third of the lot $1,443.82. It is apparent, therefore, that the lots were assessed for taxation upon a very low valuation.

For the reasons stated in the preceding case, the judgment in this case is affirmed, with costs.          *Affirmed.*